1  MATTHEW RODRIQUEZ
   Acting Attorney General of California
2  MARISA KIRSCHENBAUER
   Supervising Deputy Attorney General
3  ASHA M. JAMESON
   Deputy Attorney General
4  State Bar No. 269176
     1300 I Street, Suite 125
5    P.O. Box 944255
     Sacramento, CA 94244-2550
6    Telephone:  (415) 510-3833
     Fax:  (415) 703-5843
7    E-mail:  Asha.Jameson@doj.ca.gov
   *Attorneys for Defendants*
8  *P. Salonga and E. Jones*

9
                IN THE UNITED STATES DISTRICT COURT
10
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
                      SAN FRANCISCO DIVISION
12

13

| | |
|---|---|
| **MARCUS G. MCGINNIS,** | 3:20-cv-01695-SI |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND REQUEST TO MODIFY SCHEDULING ORDER RE DISPOSITIVE-MOTION DEADLINE** |
| v. | |
| **RON DAVIS, et al.,** | |
| Defendants. | Judge:        The Honorable Susan Illston<br>Trial Date:   None Set<br>Action Filed:  March 9, 2020 |

1

Mot. Compel Pl. Depo. And Modify Scheduling Order  (3:20-cv-01695-SI)

**INTRODUCTION**

Plaintiff Marcus McGinnis, a former state prison inmate, failed to appear for his deposition on April 1, 2021.  Moreover, since his discharge from CDCR custody, Plaintiff has failed to update his address with the Court.  After much due diligence, Defendants were able to ascertain an address and serve Plaintiff in Napa, Ca.  Plaintiff acknowledged receipt of Defendants' deposition notice on March 20, 2021 by email, but failed to respond to any correspondence sent by Defendants after that date, and failed to appear for his deposition on April 1, 2021.  Counsel for Defendants sent four follow-up emails and attempted to reach Plaintiff by phone several times, to no avail.  A dispositive motion is due on April 16, 2021, but Defendants need to depose Plaintiff in order to complete the investigation into Plaintiff's claims.  Therefore, Defendants request that the Court order Plaintiff to sit for and participate in his deposition, modify the briefing schedule set forth in the Court's order of service (ECF No. 11), and award them costs and attorneys' fees reasonably incurred in their attempt to take Plaintiff's deposition.

**STATEMENT OF PERTINENT FACTS**

Plaintiff brought this federal civil rights action on March 9, 2020, alleging that Defendants Salonga and Jones were deliberately indifferent to, and failed to properly treat, Plaintiff's dental needs.  (ECF No. 1.)  On July 1, 2020, the Court screened Plaintiff's complaint and gave Plaintiff until September 4, 2020 to file an amendment complaint.  (ECF No. 10.)  According to CDCR inmate records, Plaintiff was released on Post Release Community Supervision (PRCS) on July 28, 2020.  Plaintiff did not respond to the Court, file an amended complaint, or provide a new address to the Court.  Service was ordered on Defendants Salonga and Jones on October 20, 2020.  (ECF No. 11.)  The Court set a briefing schedule requiring Defendants to file and serve a motion for summary judgment or other dispositive motion no later than January 15, 2021.  (*Id.*)  A waiver of reply and demand for jury trial was filed on December 16, 2020.  (ECF No. 17.)  On January 12, 2021, Defendants filed a motion for an extension of time based on Plaintiff's failure to update his address with the Court, and to allow counsel time to review the voluminous medical records relevant to this matter.  (ECF No. 18.)  This order was granted on January 21, 2021 and the Court gave Defendants until April 16, 2021 to file and serve a dispositive motion.

1    After speaking with Plaintiff's parole agent, Defendants were able to ascertain a possible

2    address for Plaintiff at a Motel 6 in Napa, and sent two letters to Plaintiff, dated March 11 and

3    March 18, 2021, attempting to discuss Defendants' request to take Plaintiff's deposition. (*See*

4    Declaration of A. Jameson (Jameson Decl.) Exh. A & B.)  A formal notice of deposition was sent

5    to Plaintiff on March 17, 2021. (*Id.* Exh. C.)  Plaintiff acknowledged receipt of the notice of

6    deposition via email to Defendants' counsel on March 20, 2021. (*Id.* Exh. D.)  Thereafter, several

7    attempts were made to reach Plaintiff via telephone and email. (*Id.* Exh. E, F, G, & H.)  Plaintiff

8    was given the opportunity to request a continuance of his deposition and failed to respond.

9    Further, Plaintiff never communicated any objection to having his deposition taken.

10    On April 1, 2021, Plaintiff failed to appear for his deposition. (*Id.* Exh. I.)  Defendants now

11    move to compel Plaintiff to sit for, and cooperate in, his deposition.

## DISCUSSION

### I.    THIS COURT SHOULD COMPEL PLAINTIFF'S DEPOSITION.

14    Under Rule 30 of the Federal Rules of Civil Procedure, a party may depose any person,

15    including a party, by oral examination.  A party is required to appear for a properly noticed

16    deposition.  *See Anderson v. America West, Inc.*, 542 F.2d 1090, 1092-93 (9th Cir. 1976).  Federal

17    Rules of Civil Procedure 37(d) provides that the court may order sanctions if a party fails, after

18    being served with proper notice, to appear for their deposition.  As a sanction, the court may order

19    the party failing to appear to pay the reasonable expenses, including attorney's fees, caused by the

20    failure, unless the failure was substantially justified or other circumstances make an award of

21    expenses unjust.  Fed. R. Civ. P.37(d)(3).  The court may also dismiss the action as a sanction for

22    a party's failure to appear at their deposition.  Fed. R. Civ. P. 37(b)(2)(A)(v).

23    Here, the Court should compel Plaintiff to sit for his deposition because Defendants

24    properly noticed Plaintiff's deposition, Plaintiff acknowledged receipt of the deposition notice,

25    Plaintiff did not lodge any objection to Defendant taking his deposition, Plaintiff failed to request

26    a continuance, and Plaintiff did not appear for his deposition.  (*See* Jameson Decl. ¶ 3, 4, 6 & 7.)

27    If Defendants are required to proceed in this action without deposing Plaintiff, they will be

28    severely prejudiced.  Defendants cannot fully understand the claims against them or ascertain

3

Mot. Compel Pl. Depo. And Modify Scheduling Order  (3:20-cv-01695-SI)

1   what evidence may exist that related to Plaintiff's claims, and thus cannot prepare a dispositive

2   motion or prepare for trial.  Accordingly, Defendants request the Court compel Plaintiff to testify

3   and cooperate in his deposition.

4   **II.    THE COURT SHOULD MODIFY THE SCHEDULING ORDER.**

5   The deadline for the filing of a dispositive motion under the Court's present scheduling

6   order is April 16, 2021.  (ECF No. 19.)  Defendant requests that the scheduling order be modified

7   to allow the deposition of Plaintiff to be completed and that the dispositive motion be filed within

8   ninety days of the completion of the deposition.

9   A scheduling order may be modified only upon a showing of good cause and by leave of

10  Court.  Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4); *see also, e.g., Johnson v. Mammoth Recreations, Inc.*,

11  975 F.2d 604, 609 (9th Cir. 1992) (describing the factors a court should consider in ruling on such

12  a motion).  In considering whether a party moving for a schedule modification has shown good

13  cause, the Court primarily focuses on the diligence of the party seeking the modification.

14  *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983

15  amendment).  When an act must be done within a specified time, the court may, for good cause,

16  extend the time with or without motion or notice if the court acts, or if a request is made, before

17  the original time expires.  Fed. R. Civ. P. 6(b)(1)(A).

18  Here, Defendants were diligent in seeking out and obtaining an address for Plaintiff despite

19  his failure to update his address with the Court or CDCR.  Defendants were likewise diligent in

20  noticing Plaintiff's deposition to be completed within the time permitted by the Court's order, but

21  were unable to take Plaintiff's deposition because he did not appear.  (*See* Jameson Decl. ¶ 3 &

22  7.)  Defendants made several attempts to contact Plaintiff via telephone and email, and offered

23  Plaintiff the opportunity to continue his deposition so that he could be adequately prepared.  (*Id.*)

24  Plaintiff failed to request an extension of time for the deposition, and he failed to appear.

25  Therefore, good cause exists to modify the scheduling order to permit the deposition of Plaintiff

26  to be completed and to permit the filing of a dispositive motion within ninety days of the

27  completion of that deposition.

28

4

Mot. Compel Pl. Depo. And Modify Scheduling Order  (3:20-cv-01695-SI)

III.   **THE COURT SHOULD IMPOSE MONETARY SANCTIONS BECAUSE OF PLAINTIFF'S DELIBERATE FAILURE TO PARTICIPATE IN HIS DEPOSITION.**

This Court should also award Defendants costs associated with their attempt to take Plaintiff's deposition, to punish Plaintiff's bad-faith conduct and deter such conduct in the future. If a party fails to appear for deposition, sanctions may be imposed even in the absence of a prior court order. Fed. R. Civ. P 37(d)(1)(A)(i); *Henry v. Gill Industries, Inc*., 983 F.2d 943, 947 (9th Cir. 1993). Sanctions may include directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; and rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi), 37(d)(3). But in addition to these sanctions, a "court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). A failure to appear need not be willful, but "willfulness" plays a role in the choice of sanctions. Fed. R. Civ. P. 37(d)(3), Advisory Committee Notes, 1970 Amendment. And when making a bad-faith determination, the court is entitled to rely on the party's motivations and can consider the party's conduct in other cases. *See Smith v. Smith*, 145 F.3d, 335, 344 (5th Cir. 1998); *see also Halaco v. Eng'g Co. v. Costle*, 843 F.2d 376, 381 n.2 (9th Cir, 1988) ("court may indeed consider prior conduct that has already been subject to sanction, when it is weighing a subsequent sanction motion").

Plaintiff's conduct was not substantially justified. His deposition was properly noticed and Plaintiff acknowledged receipt of that notice. (Jameson Decl. ¶ 3 & 4, Exh. C & D.) Plaintiff neither sought a continuance nor informed counsel of his intent not to appear. (*See* Jameson Decl. ¶ 6.) Plaintiff's behavior should not be permitted to continue, and the imposition of at least modest monetary sanctions is warranted and would likely deter Plaintiff's conduct in the future. Defendants incurred $295.00 in costs associated with the taking of Plaintiff's deposition, not

5

1   including attorney's fees.  (*Id.* Exh. J.)  Defendants request the Court award them the costs, or

2   some portion thereof, because Plaintiff's conduct was not substantially justified, and other

3   circumstances do not make such an award unjust.  *See* Fed. R. Civ. P. 27(d)(3).

4                                           **CONCLUSION**

5            Because Plaintiff failed to appear for his deposition, without any just cause, Defendants

6   request the Court issue an order compelling Plaintiff's attendance and participation in his

7   deposition.  And because Defendant expended at least $295.00 in costs in their attempt to depose

8   Plaintiff, Defendant seeks monetary sanctions in that amount, or a lesser amount that the Court

9   deems just.

10

11  Dated:  April 12, 2021                              Respectfully submitted,

12                                                      MATTHEW RODRIQUEZ
                                                        Acting Attorney General of California
13                                                      MARISA KIRSCHENBAUER
                                                        Supervising Deputy Attorney General

14

15                                                      */s/ Asha M. Jameson*
                                                        ASHA M. JAMESON
16                                                      Deputy Attorney General
                                                        *Attorneys for Defendants*
17                                                      *R. Salonga & E. Jones*

18  SF2020401631
    34978847.docx
19

20

21

22

23

24

25

26

27

28