UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCUS G. MCGINNIS,

    Plaintiff,

    v.

EARL JONES, et al.,

    Defendants.

Case No. 20-cv-01695-SI

**ORDER COMPELLING DISCOVERY AND SETTING SCHEDULE**

Re: Dkt. No. 20

This is a *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 in which plaintiff claims that defendants were deliberately indifferent to his medical/dental needs. The matter is now before the court for consideration of defendants' unopposed motion to compel plaintiff to attend his deposition and answer questions at that deposition.

In general, parties may obtain discovery regarding any matter, not privileged, that is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* An item need not be admissible in evidence to be discoverable. *Id.* One of the available discovery tools is a deposition. "A party may, by oral questions, depose any person, including a party without leave of court," except that leave is required under certain circumstances not present here. Fed. R. Civ. P. 30(a)(1).

A motion to compel discovery is appropriate when a party refuses to engage in or produce discovery. *See* Fed. R. Civ. P. 37(a)(2). The movant must certify that he or she has in good faith conferred or attempted to confer with the party failing to make discovery in an effort to secure

information or material without court action. *See* Fed. R. Civ. P. 37(a)(1). The court also may award sanctions if a party "fails after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A). "A motion for sanctions for failing to answer or respond must include a certification that the movant conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B).

Defendants demonstrate to the satisfaction of the court that plaintiff (who is now out of custody) failed to appear for the scheduled deposition after they located him and arranged a date for his deposition. Defendants served a notice of plaintiff's deposition scheduled for April 1, 2021; plaintiff acknowledged his awareness of the scheduled deposition; and plaintiff failed to appear at the time and place scheduled for his deposition. *See* Docket No. 20-2 at 9-10, 12, 22-25. The discovery sought by defendants – i.e., plaintiff's deposition – is relevant to the claims and possibly the defenses in this action. A party's deposition, scheduled to last no more than seven hours, appears to be proportional to the needs of the case. Therefore, the deposition is within the proper scope of discovery. *See* Fed. R. Civ. P. 26(b)(1).

The only wrinkle here concerns defendants' efforts to meet and confer to attempt to resolve the discovery dispute. Defense counsel made several efforts to contact plaintiff in the days leading up to the scheduled deposition date of April 1, 2021. On March 26, defense counsel spoke with plaintiff by telephone and learned that plaintiff was "looking into" hiring an attorney and did not want to speak with defense counsel without an attorney. *See* Docket No. 20-2 at 2, 18. Defense counsel sent a follow-up email that day expressing defendants' willingness to continue the deposition if plaintiff wanted to do so. *Id.* at 18. Plaintiff did not respond. Defense counsel sent another email on March 30, 2021, again trying to learn whether plaintiff wanted to continue the deposition and stating that, if plaintiff did not respond by the end of the day, defense counsel would "assume you are prepared and ready to move forward on Thursday," i.e., the day set for the deposition. *Id.* at 20. Plaintiff did not respond. Plaintiff did not appear at his scheduled deposition on Thursday, April 1. *Id.* at 25. There is no evidence that defense counsel thereafter attempted to contact plaintiff before filing the motion to compel.

Although a court may deny a motion to compel based on the moving party's failure to meet and confer to attempt to resolve a discovery dispute, a court may instead decide the motion on the merits despite the failure to meet and confer. *Rogers v. Giurbino*, 288 F.R.D. 469, 477 (S. D. Cal. 2012); *see also V5 Techs. v. Switch, Ltd.,* 334 F.R.D. 297, 302 (D. Nev. 2019) ("the Court retains the discretion to waive the meet-and-confer requirements with respect to any particular motion based on the circumstances of that case."). Under the circumstances here, the court will decide the motion to compel, notwithstanding defendants' failure to meet and confer with plaintiff about his failure to attend his deposition *after* he missed the deposition. As explained above, defense counsel made two attempts in the days leading up to the deposition date to learn whether plaintiff wanted to postpone the deposition and plaintiff simply ignored defense counsel. It serves no purpose to require defense counsel to have made a post-deposition effort to meet and confer regarding plaintiff's missed appearance when the plaintiff had ignored the two emails sent just before the deposition.[1]

For the foregoing reasons, defendants' motion to compel plaintiff's deposition is GRANTED. Docket No. 20. Defendants must schedule plaintiff's deposition to occur no later than **June 25, 2021.** Plaintiff must appear at the scheduled deposition and answer the questions posed to him at the deposition. His duty to attend and answer questions exists regardless of whether he is trying to hire an attorney or does hire an attorney.

The court assumes that plaintiff now understands that he must attend and participate in his deposition, but wants to be very clear about the consequences if he fails to attend and participate in his deposition. Plaintiff is now cautioned that failure to engage in discovery, such as a deposition, may result in sanctions. The sanctions that may be imposed include, but are not limited to: monetary sanctions, an order prohibiting plaintiff from supporting or opposing designated claims or defenses, an order prohibiting plaintiff from introducing evidence in support of his claim, an order striking pleadings, and an order dismissing claims or the action. *See* Fed. R. Civ. P. 37(b)(2) and 37(d)(3).

---

[1] Although the court will waive the meet and confer requirement for the motion to compel, it will not do so for defendants' request for monetary sanctions against the impecunious plaintiff. The request for sanctions is denied.

1   The court now sets the following new briefing schedule for dispositive motions: Defendants must file and serve their dispositive motion no later than **August 6, 2021**. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **September 3, 2021**. Defendants must file and serve their reply brief (if any) no later than **September 17, 2021**.

Plaintiff is reminded that, because he is no longer in custody, he does not receive the benefit of the prisoner mailbox rule and therefore must be sure his opposition is filed – not merely mailed – by the deadline.

**IT IS SO ORDERED**.

Dated: May 6, 2021

_____
SUSAN ILLSTON
United States District Judge